**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Silva Esther RODRIGUEZ–SIMO, aka;
Silvia Esther Rodriguez–Simo,
Defendant—Appellant.**

No. 03–50401.
D.C. No. CR–03–00950–M.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 6, 2004.*

Decided Feb. 24, 2004.

Michelle Jennings, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Timothy A. Scott, Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before BROWNING, THOMPSON, and WARDLAW, Circuit Judges.

## MEMORANDUM**

Silvia Esther Rodriguez–Simo ("Rodriguez") appeals her conviction for importation of marijuana in violation of 21 U.S.C. § 960. She argues that the district court erred in denying her a downward adjustment for a minimal role in the offense under U.S.S.G. § 3B1.2, that the statute under which she was convicted is unconstitutional, and that a finding of *mens rea* should be required for drug amount and quantity. For the following reasons, we affirm Rodriguez's conviction and sentence.

The district court properly determined that Rodriguez was a minor (rather than minimal) participant and appropriately granted a two-level (rather than four-level) downward adjustment. Whether a defendant is a "minor" or "minimal" participant is a factual determination reviewed for clear error. *United States v. Sanchez–Lopez,* 879 F.2d 541, 557 (9th Cir.1989).

At the sentencing hearing, the district court judge stated that a two-level adjustment is "the heartland adjustment for a drug courier case and for a drug courier in this district." Rodriguez argues that the district court's denial of the four-level adjustment for minimal role was improper because the court incorrectly applied a "heartland" departure analysis rather than an adjustment analysis. Departures are generally discretionary while adjustments must be granted if a defendant proves the requisite criteria.[1] *United States v. Colussi,* 22 F.3d 218, 219 (9th Cir.1994).

The district court did not apply a discretionary departure analysis to Rodriguez's request for a mandatory role adjustment, It is clear from the record that the court used the word "heartland" to indicate that Rodriguez's conduct was not so benign as to render it "minimal," a designation the

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

1. The term "heartland departure" is derived from *Koon v. United States,* 518 U.S. 81, 98, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), which stated that in order for a departure from the Sentencing Guidelines to be permitted, "certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline."

Guidelines' official commentary warns should "be used infrequently." U.S.S.G. § 3B1.2, comment 4. The district court considered Rodriguez's criminal conduct as well as her knowledge of the drug smuggling trade, and its conclusion that her role was minor, not minimal, was not clearly erroneous.

Rodriguez next attacks the constitutionality of the drug importation statute because it makes the quantity of the controlled substance a sentencing factor rather than an element of the crime. We considered and rejected this precise argument in *United States v. Hernandez,* 322 F.3d 592, 600–601 (9th Cir.2003). Rodriguez's argument is therefore foreclosed.

Rodriguez's final argument, that *mens rea* should be required for drug type and quantity, was rejected by this court in *United States v. Carranza,* 289 F.3d 634, 644 (9th Cir.2002), and reaffirmed by our holdings in *United States v. Bravo,* 295 F.3d 1002, 1012 (9th Cir.2002), *United States v. Hernandez,* 322 F.3d 592, 602 (9th Cir.2003), and *United States v. Toliver,* 351 F.3d 423, 433 (9th Cir.2003).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.