**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Raul Tirado GARCIA, Defendant—Appellant.**

**No. 04–16192.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 19, 2005.

Rm. 3654, USF—Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Joan Jacobs Levie, Esq., Law Offices of Joan Jacobs Levie, Fresno, CA, for Defendant–Appellant.

Before: KOZINSKI and MCKEOWN, Circuit Judges, and HOGAN,** District Judge.

MEMORANDUM ***

Raul Tirado Garcia appeals from the district court's denial of his § 2255 petition alleging ineffective assistance of counsel and improper sentencing. Garcia pled guilty to four drug-related offenses and entered into a plea agreement that waived the right to appeal or collaterally attack any issue related to his conviction or sentence.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation.

"The sole test of a waiver's validity is whether it was made knowingly and voluntarily." *United States v. Anglin*, 215 F.3d 1064, 1068 (9th Cir.2000). Garcia challenges his waiver on the basis of an alleged Rule 11 violation. However, "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Garcia did not raise his Rule 11 objection on direct review or in his § 2255 petition. This argument is now waived.

Garcia also argues that a waiver is unenforceable with respect to an illegal sentence. Even if Garcia has a claim that survives under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), his sentence does not violate the rule in that case. *See United States v. Toliver*, 351 F.3d 423, 432–33 (9th Cir. 2003). Nor does Garcia's sentence violate *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); recently we joined "every other circuit that has considered the question" in holding that *Booker* does not apply to sentences that became final prior to its decision. *United States v. Cruz*, 423 F.3d 1119, 1120 (9th Cir.2005) (per curiam).

As Garcia's waiver is enforceable, we lack jurisdiction to hear the balance of his claims.

**DISMISSED in part and AFFIRMED in part.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Judge Pregerson was drawn to replace Judge Weiner. He has read the briefs and reviewed the record

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.