*887 MEMORANDUM *
Tenorio and Paredes[1] challenge their sentences on the ground that they were enhanced because the methamphetamine they sold was determined to be “ice” or “crystal meth.”
When Tenorio and Paredes pleaded guilty to possession of more than 50g of methamphetamine, the penalty they faced was fixed at 5 to 40 years of imprisonment. The district court committed no Apprendi error[2] when it considered, along with other evidence, that defendants were in possession of “ice” and other drugs when fixing their Guidelines sentences at 120 months.[3]
However, that same determination resulted in constitutional Booker error[4] because it lead to the significant enhancement of defendants’ sentences under mandatory sentencing guidelines. As the error was unpreserved, a limited Ameline remand is appropriate.[5]
Their argument that hearsay evidence— the presentence report that reported what FBI agents had said—was improperly considered in determining purity fails for the reasons stated in our concurrently filed opinion in United States v. Littlesun, 444 F.3d 1196 (9th Cir.2006). Likewise, their objection to consideration of what their accomplices said fails under Littlesun.
We affirm, but grant a limited remand to allow the district court to answer the question whether it would have imposed a different sentence had it viewed the Guidelines as advisory.[6]
AFFIRMED in part and REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

. On Paredes’s motion, his case was consolidated with Tenorio's on January 6, 2005.

. Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000).

. Compare United States v. Velasco-Heredia, 319 F.3d 1080, 1085 (9th Cir.2003) with United States v. Toliver, 351 F.3d 423, 432-33 (9th Cir.2003).

. United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

. United States v. Ameline, 409 F.3d 1073, 1079 (9th Cir.2005) (en banc).

. See id.