**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ernesto RAMOS, Defendant— Appellant.**

No. 06–30479.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 7, 2007.*

Filed Aug. 22, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See*     Fed. R.App. P. 34(a)(2).

Lori Harper Suek, Esq., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Daniel V. Donovan, Esq., Thompson Potts & Donovan, PC, Great Falls, MT, for Defendant–Appellant.

Before: CANBY, TASHIMA, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Ernesto Ramos appeals his jury conviction and sentence for conspiracy to distribute 500 or more grams of methamphetamine, in violation of 21 U.S.C. §§ 841, 846. We have jurisdiction under 28 U.S.C. § 1291, and 18 U.S.C. § 3742(a) and we affirm. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here.

■ The district court did not commit reversible error when it refused to allow attorney voir dire concerning bias against Mexican–Americans.[1] Ramos was charged with an ordinary drug crime and the matters at issue in trial did not involve allegations of racial or ethnic prejudice. *See Ristaino v. Ross,* 424 U.S. 589, 597, 96 S.Ct. 1017, 47 L.Ed.2d 258 (1976) (recognizing the right to question prospective jurors concerning racial or ethnic prejudice when such issues are "inextricably bound up with the conduct of the trial"). Nor did other circumstances raise a "reasonable possibility" that racial or ethnic prejudice might influence the jury. *See Rosales–Lopez v. United States,* 451 U.S. 182, 191, 101 S.Ct. 1629, 68 L.Ed.2d 22 (1981) (plurality opinion). The prosecution did not present evidence that Ramos committed a crime of violence against a person of a different racial or ethnic group. *See id.* at 192, 101 S.Ct. 1629. There were no "external circumstances" indicating a likelihood that racial or ethnic prejudice would influence the jury's evaluation of the evidence. *See id.* at 192–93, 101 S.Ct. 1629. Because Ramos's Mexican heritage, in and of itself, did not trigger a right to question prospective jurors concerning prejudice against Mexican–Americans, *id.* at 190, 101 S.Ct. 1629, the district court did not abuse its discretion when it disallowed the proposed voir dire.

■ We conclude that there was sufficient evidence of an "agreement" to support a conspiracy conviction.[2] Evidence was presented at trial that: Ramos recruited Jose Luis Sanchez–Lopez to help him distribute methamphetamine in Montana; the two men made three trips from California to Montana, each time carrying ten pounds of methamphetamine; Sanchez–Lopez and Ramos were often together during drug transactions; sometimes

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We review for an abuse of discretion the district court's actions during voir dire. *United States v. Steele,* 298 F.3d 906, 910 (9th Cir.2002).

2. We review *de novo* claims of insufficient evidence. *United States v. Duran,* 189 F.3d 1071, 1078 (9th Cir.1999).

Sanchez–Lopez sold drugs on his own and gave the proceeds to Ramos; and Sanchez–Lopez agreed to participate in the scheme in exchange for drugs and money. Viewing the evidence in a light most favorable to the government, a rational trier of fact could have found the essential elements of the conspiracy charge beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Ramos argues that the district court committed *Apprendi*[3] error when it calculated the applicable Guidelines range on the basis of a drug quantity not found by a jury beyond a reasonable doubt. This argument conflates the constitutional requirements for establishing the statutory maximum sentence with the requirements for determining the applicable Guidelines range. In *United States v. Toliver,* 351 F.3d 423 (9th Cir.2003), upon which Ramos relies, we held that a district court's quantity determination violates *Apprendi* only if it exposes the defendant to a sentence beyond the *statutory* range authorized by the jury's verdict. *Id.* at 433. Contrary to Ramos's contentions, this principle remains valid following the Supreme Court's holding in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and the creation of advisory guidelines. *United States v. Ameline,* 409 F.3d 1073, 1077–78 (9th Cir.2005) (en banc). Here, the jury's finding that Ramos conspired to distribute 500 or more grams of methamphetamine exposed him to a maximum sentence of life in prison.[4] 21 U.S.C. § 841(b)(1)(A)(viii). Because the district

court's finding that Ramos was accountable for five kilograms of methamphetamine did not increase the maximum sentence authorized by the jury's verdict, the Sixth Amendment was not violated.

Finally, we reject the contention that the sentence imposed was unreasonable because the district court failed adequately to consider mitigating evidence proffered by Ramos to justify a below-Guidelines sentence. At the sentencing hearing, the district court stated that it had reviewed and considered the several letters from Ramos's friends and family. It found, however, that other factors—including Ramos's status as a commercial criminal, his lack of remorse, and the danger to the community—justified a substantial sentence at the upper end of the Guidelines range. These findings are not clearly erroneous and, in light of all the relevant factors (including the advisory Guidelines range), the sentence imposed (260 months) is not unreasonable.

**AFFIRMED.**

---

3. *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

4. Ramos erroneously contends that, under § 841(b)(1)(C), the maximum sentence authorized by the jury's verdict was 20 years' imprisonment. The 20 year statutory maximum in § 841(b)(1)(C) applies only to viola-

tions not encompassed by subsections (A), (B), or (D). Because the jury found that Ramos was accountable for at least 500 grams of methamphetamine, § 841(b)(1)(A), and not § 841(b)(1)(C), prescribes the relevant statutory period.