**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose Farith VARGAS–GALLEGOS, Defendant—Appellant.**

No. 06–30203.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2007.

Filed Sept. 12, 2007.

---

Kim R. Lindquist, Esq., Alan G. Burrow, Esq., USBO–Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Leo N. Griffard, Jr., Esq., Boise, ID, for Jose Farith Vargas–Gallegos.

Before: CANBY, HALL, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Jose Farith Vargas–Gallegos ("Vargas") appeals his jury convictions and sentence for conspiracy to distribute 500 or more grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a), 846, carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), possession with intent to distribute two pounds of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and unlawful possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not commit reversible error when it denied Vargas's motion to sequester a prosecution witness (Mendoza) during a luncheon recess that fell during his cross-examination. The decision whether or not to sequester a witness is ordinarily within the discretion of the trial court. *Perry v. Leeke*, 488 U.S. 272, 282–84, 109 S.Ct. 594, 102 L.Ed.2d 624 (1989). We need not consider whether the

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

district court abused its discretion in this case because Mendoza's consultation with his attorney had no discernable effect on cross-examination.

Contrary to Vargas's assertion, the denial of the motion to sequester did not allow Mendoza to "clean up his testimony" regarding who provided the murder weapon. Mendoza testified both before and after the recess that Vargas gave him the weapon. It is of no consequence that Mendoza's testimony was inconsistent in this regard with his earlier statement to a jailhouse acquaintance that "Angel" provided the weapon. Mendoza acknowledged the inconsistency during his direct testimony, and Vargas's attorney did not raise the issue on cross-examination, before or after the recess.

Vargas contends for the first time on appeal that the denial of the motion to sequester constitutes a violation of his Sixth Amendment confrontation rights. No support exists for the assertion that the Confrontation Clause is implicated by the denial of a defendant's request to sequester a prosecution witness. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 51–52, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987) ("The Confrontation Clause provides two types of protections for a criminal defendant: the right physically to face those who testify against him, and the right to conduct cross-examination.... [The latter] is a *trial* right, designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination.") (emphasis in original). Vargas was physically present during Mendoza's cross-examination, and the district court imposed no restrictions on the nature or scope of questioning. We conclude, therefore, that Vargas's confrontation rights were not violated when the district court allowed Mendoza to consult with his attorney during the recess.[1] *See id.*

■ We reject Vargas's contention that the district court committed *Apprendi* error when it calculated the advisory Guidelines range using a drug quantity not found by the jury beyond a reasonable doubt. A district court's quantity determination violates *Apprendi* only if it exposes the defendant to a sentence beyond the statutory range authorized by the jury's verdict. *United States v. Toliver*, 351 F.3d 423, 433 (9th Cir.2003). Here, in its special verdict, the jury found Vargas accountable for "a minimum of three pounds" of methamphetamine. Under 21 U.S.C. § 841(b)(1)(A), the maximum sentence authorized by this verdict was life in prison. Because the district court's finding that Vargas was accountable for thirty pounds did not increase the statutory maximum sentence, the Sixth Amendment was not violated.

■ The district court did not clearly err when it found that Vargas was not entitled to a minor role adjustment under USSG § 3B1.2. Trial testimony established that Vargas purchased methamphetamine from Mendoza, stood lookout while "Canelo" and "Pecas" prepared it for distribution, and fled the murder scene with drugs, guns, and money that had been stashed throughout his house and barn. The evidence also showed that Vargas had

1. In any event, because Vargas failed properly to raise the confrontation issue before the district court, our review here is for plain error. *See, e.g., United States v. Evans–Martinez*, 448 F.3d 1163, 1166 (9th Cir.2006) (reviewing for plain error a claim that the defendant failed to raise at sentencing). Vargas's claim fails under plain error review because he has not carried his burden of showing that he was prejudiced by the alleged constitutional violation. *See United States v. Olano*, 507 U.S. 725, 739–41, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

a level of knowledge regarding the operations of the conspiracy that a minor participant would not possess. On the basis of this evidence, the district court reasonably concluded that Vargas was not "substantially less culpable" than his co-participants. *See United States v. Cantrell*, 433 F.3d 1269, 1283 (9th Cir.2006) ("It is not enough that a defendant was less culpable than his or her co-participants, or even that he or she was among the least culpable of the group, because a minimal or minor participant adjustment under § 3B1.2 is available only if the defendant was 'substantially' less culpable than his or her co-participants.").

■ We reject Vargas's contention that the district court failed to accord appropriate consideration to the statutory sentencing factors. At Vargas's sentencing hearing, the court stated that a substantial sentence at the upper end of the advisory Guidelines range was appropriate to reflect the seriousness of the offense, the need for adequate deterrence, and the public's interest in safety. The court also gave careful consideration to the applicable mitigating factors, including Vargas's expression of remorse and a letter from his wife concerning hardship to his family. It did not discuss each and every sentencing factor, but that it is not required. *See United States v. Mix*, 457 F.3d 906, 912 (9th Cir.2006) ("Judges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less." (quoting *United States v. George*, 403 F.3d 470, 472–73 (7th Cir.2005))). We conclude that the reasons given were sufficient to explain the sentence and to allow for meaningful appellate review.

The within-Guidelines sentence (270 months) was not unreasonable. Indeed, it may well have been more severe if not for several generous concessions given by the district court during the course of calculating the Guidelines range.

**AFFIRMED.**