**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gonzalo JUSAINO–GOMEZ,**
**Defendant–Appellant.**

**No. 06–10340.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 2008.*

Filed Nov. 24, 2008.

Bradley Giles, USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Roger H. Sigal, Tucson, AZ, for Defendant–Appellant.

Before: HALL, T.G. NELSON, and THOMAS, Circuit Judges.

MEMORANDUM **

Defendant Gonzalo Jusaino–Gomez appeals his conviction after a jury trial of Conspiracy to Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii), and 846; Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vii); and Illegal Re–Entry after Deportation, in violation of 8 U.S.C. § 1326(a), (b)(1). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

■ The district court did not err in refusing to give Jusaino–Gomez's requested jury instruction based on *United States v. Palafox–Mazon,* 198 F.3d 1182 (9th Cir. 2000). The jury was properly instructed

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

on the *statutory* liability of a co-conspirator. *See Pinkerton v. United States,* 328 U.S. 640, 647–48, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). The *statutory* drug quantity found by the jury exposed Jusaino–Gomez to a maximum statutory sentence of forty years of imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(vii). Jusaino–Gomez's sentence of eighty-two months was well below that statutory maximum and *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), was not, therefore, violated. *See United States v. Toliver,* 351 F.3d 423, 432–33 (9th Cir.2003).

■ The district court did not err in admitting evidence of Jusaino–Gomez's prior conduct under Federal Rule of Evidence 404(b). The evidence tended to prove a material issue at trial—Jusaino-Gomez's knowledge of, and his intent to participate in, the charged conspiracy. *See United States v. Romero,* 282 F.3d 683, 688 (9th Cir.2002) (holding that evidence of prior involvement in drug-related activities was relevant to rebut defense that defendant did not intend to participate in drug conspiracy but instead intended only to steal money); *United States v. Jones,* 982 F.2d 380, 382–83 (9th Cir.1993) (holding that it was proper to admit evidence of prior drug smuggling operations to demonstrate intent to participate in, and knowledge of, the conspiracy).

The district court did not plainly err when it determined that the prior act evidence was admissible under Federal Rule of Evidence 403. *See United States v. Pino–Noriega,* 189 F.3d 1089, 1097 (9th Cir.1999) (holding that when no objection was made at trial or when the wrong specific objection was made, review is only for plain error). Here, unlike *United States v. Curtin,* 489 F.3d 935, 957–58 (9th Cir.2007)

(en banc), the prior act evidence was not depraved or patently prejudicial; the district court knew the entire content of the photographs; and Jusaino–Gomez does not contend that the district court was misled, or did not otherwise understand, the significance of the content of the photographs. Further, Jusaino–Gomez does not contend that he requested or otherwise indicated to the district court that it needed to specifically and personally examine each of the photographs prior to admission. Finally, a review of the photographs demonstrates that, although they were no doubt prejudicial, the district court did not plainly err in admitting them.

We have considered and reject all remaining issues raised on appeal. **AFFIRMED.**