**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50539 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00081-RHW-4 |
| v. | |
| FRED PRIMUS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Robert H. Whaley, Senior District Judge, Presiding

Submitted December 14, 2010[**]

Before: GOODWIN, WALLACE, and THOMAS, Circuit Judges.

Fred Primus, a federal prisoner, appeals his 5-year sentence for conspiracy to

distribute at least 100 grams of phencyclidine (PCP) in violation of 21 U.S.C. §§

846 and 841(a)(1). We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo "[t]he construction or interpretation of a statute," *United States v. Cabaccang*, 332 F.3d 622, 624-25 (2003) (en banc), and we affirm.

Primus argues that the district court erred in sentencing him to 5 years under § 841(b)(1)(B)(iv)–the penalty provision applicable to distribution of more than 100 grams of PCP–because he did not knowingly and intentionally enter into a conspiracy to distribute any particular type or quantity of drug.

The government need not demonstrate beyond a reasonable doubt that Primus "knew of both the drug quantity and type that were involved in the conspiracy" to impose the 5-year mandatory minimum dictated by § 841(b)(1)(B)(iv). *See United States v. Toliver*, 351 F.3d 423, 433 (9th Cir. 2003); *see also United States v. Carranza*, 289 F.3d 634, 644 (9th Cir. 2002) (holding that a "defendant charged with importing or possessing a drug is not required to know the type and amount of drug"). Rather, Primus's express admission in his guilty plea that he possessed with an intent to distribute more than 351.5 grams of PCP established beyond a reasonable doubt that his offense involved more than 100 grams of PCP. *See United States v. Minore*, 292 F.3d 1109, 1120 (9th Cir. 2002). Nothing more is required.

**AFFIRMED**.