UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30296 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00023-DLC-1 |
| v. | District of Montana, Butte |
| ANGEL ITURBE-GONZALEZ, | |
| Defendant-Appellant. | ORDER AMENDING |

Before: PAEZ and CALLAHAN, Circuit Judges, and ENGLAND,[*] District Judge.

The panel has voted to deny the petition for rehearing. Judge Paez and Judge Callahan vote to deny the petition for rehearing en banc and Judge England recommends denial of the petition for rehearing en banc. The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The memorandum disposition filed on February 14, 2017 is amended. A amended memorandum disposition is being filed concurrently with this order. No further petitions for rehearing will be entertained.

The petition for rehearing and for rehearing en banc are denied.

---

[*] The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.


**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-30296 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00023-DLC-1 |
| v. | AMENDED MEMORANDUM[*] |
| ANGEL ITURBE-GONZALEZ, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted February 6, 2017[**]
Seattle, Washington

Before: PAEZ and CALLAHAN, Circuit Judges, and ENGLAND,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

Angel Iturbe-Gonzalez appeals his jury trial conviction for conspiracy to distribute and possession with intent to distribute a controlled substance, and his 151-month sentence. Specifically, he alleges that: (1) the district court erred when it admitted evidence of a prior arrest in 2012 and his subsequent arrest in 2015; (2) the district court erred when it instructed the jury it could find that Iturbe-Gonzalez conspired to distribute and possessed with intent to distribute *either* methamphetamine *or* heroin, where the indictment charged Iturbe-Gonzalez with conspiracy and possession of *both* methamphetamine *and* heroin; and (3) the district court erred in denying Iturbe-Gonzalez safety valve relief upon sentencing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     The district court did not abuse its discretion when it admitted evidence of Iturbe-Gonzalez's 2012 arrest with an appropriate cautionary instruction. The evidence was admissible under Federal Rules of Evidence 404(b).[1] *See United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002) (citations omitted) (providing that other acts evidence "may be admitted if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged."). Moreover, the

[1] All future references to a "Rule" or "Rules" are to the Federal Rules of Evidence.

district court properly considered whether the probative value of that evidence was substantially outweighed by its prejudicial impact under Rule 403 when it found evidence concerning the quantity of drugs, types of drugs, and use of concealments probative, but deemed evidence concerning firearms prejudicial and excluded it. *Id.* Though brief, this analysis is sufficient, and the district court thus acted within its discretion in admitting the evidence.[2]

The district court likewise did not abuse its discretion when it admitted evidence of Iturbe-Gonzalez's 2015 arrest with the same cautionary instruction. The 2015 arrest was not an "other act" under Rule 404(b), but was necessary to tell the story of the charged crime and was thus inextricably intertwined with the conduct underlying the charged crime. As such, it was not subject to the limitations of Rule 404(b). *See, e.g.*, *United States v. Williams*, 291 F.3d 1180, 1189 (9th Cir. 2002) (*overruled on other grounds by United States v. Gonzales*, 506 F.3d 940 (9th Cir. 2007) (en banc)). We thus find that the district court

---

[2] Regardless, even if the Rule 403 analysis was somehow deficient, which it was not, any error was harmless because the evidence was highly probative, and further because there was additional overwhelming evidence against Iturbe-Gonzalez aside from his 2012 arrest.

3

properly admitted evidence of the 2015 arrest as relevant evidence under Rule 402.[3]

**2.**    We further hold that the district court did not abuse its discretion when it instructed the jury that it could find Iturbe-Gonzalez conspired to distribute and possessed with intent to distribute *either* methamphetamine *or* heroin, even though the indictment charged Iturbe-Gonzalez with conspiracy and possession with intent to distribute *both* methamphetamine *and* heroin.  Type and quantity of drugs are not elements of the crimes with which the government charged Iturbe-Gonzalez, and thus are not elements that the government had to prove.  *See, e.g.*, *United States v. Toliver*, 351 F.3d 423, 431 (9th Cir. 2003) ("simply because the government included drug quantity and type allegations in [its indictment], that did not mean that those factual allegations must be treated as formal elements of the basic offense under section 841(a)(1)"); *United States v. Vera*, 770 F.3d 1232, 1249–50 (9th Cir. 2014) (explaining that quantity and type are the "functional equivalent of an element" for sentencing purposes and do not affect the validity of the base conviction).  The district court thus permissibly concluded that although the indictment was pled in the conjunctive, it was appropriate to instruct the jury

---

[3] Any error or deficiency in the district court's Rule 403 analysis of the 2015 arrest would have been harmless.

4

that Iturbe-Gonzalez could be found guilty of the charged crime if it found the government proved its case with regard to *either* controlled substance.[4]

**3.**     The district court did not commit clear error in denying Iturbe-Gonzalez his request for safety valve relief. A defendant must meet five requirements to obtain safety valve relief: (1) the defendant does not have more than one criminal history point; (2) the defendant did not use violence or credible threats thereof, or have possession of a firearm or other dangerous weapon in connection with the offense; (3) "the offense did not result in death or serious bodily injury to any person"; (4) the defendant was not an organizer or leader in the offense and was not engaged in a continuing criminal enterprise; and–as is relevant here–(5) "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ." 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. Though it was undisputed that Iturbe-Gonzalez satisfied criteria (1) through (4), testimony revealed that he did not fully and truthfully disclose all information surrounding his offense as required by § 3553(f)(5) and the sentencing guidelines. Iturbe-Gonzalez plainly stated that he would not answer questions related to one of the potential players in the charged

---

[4]  In any event, any error was harmless as the jury ultimately found both drug quantities.

offenses.  Because he refused to provide all information he had concerning the individual, his relationship with the individual, and the quantities of drugs he and the individual handled, the district court properly found that he did not meet the fifth of five safety valve requirements and therefore properly denied safety valve relief.

Appellant's conviction and sentence are **AFFIRMED.**