**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>HIGINIO TAFOLLA-GONZALEZ,<br><br>    Defendant - Appellant. | No. 08-30162<br><br>D.C. No. 4:07-cr-00088-BLW-1<br><br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>RAMIRO PIMENTEL-GARCIA,<br><br>    Defendant - Appellant. | No. 08-30232<br><br>D.C. No. 4:07-cr-00088-BLW-2 |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v. | No. 08-30313<br><br>D.C. No. 4:07-cr-00088-BLW-10 |

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

DANIEL MARTINEZ-BRAMBILA,

Defendant - Appellant.

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted July 13, 2010
Portland, Oregon

Before: GOODWIN, PREGERSON and WARDLAW, Circuit Judges.

Higinio Tafolla-Gonzalez, Ramiro Pimentel-Garcia, and Daniel Martinez-Brambila appeal their convictions, and Tafolla and Martinez their sentences, for conspiracy to distribute 500 grams or more of a substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm Martinez's, Tafolla's, and Pimentel's convictions, and affirm Tafolla's sentence. We vacate Martinez's sentence and remand for resentencing.

1. The jury instructions and special verdict form properly instructed the jury regarding the appropriate basis for finding the quantity of drugs for which Martinez was responsible, in accordance with *Apprendi v. New Jersey*, 530 U.S. 466, 489-90 (2000). The "district court properly complie[d] with *Apprendi* by

instructing the jury to return special findings on the quantity and drug type."

*United States v. Toliver*, 351 F.3d 423, 426 (9th Cir. 2003).

The indictment specifically charged that Martinez conspired to distribute, or possess with intent to distribute, 500 grams or more of a substance containing methamphetamine. The district court properly instructed the jury on the elements of a conspiracy, and at the conclusion of the trial, the district court provided the jury with a special verdict form. The jury returned the form with a specific finding that Martinez "entered into a conspiracy to distribute, or possess with intent to distribute . . . 500 grams or more of a mixture or substance containing methamphetamine." Accordingly, there was no *Apprendi* error. *See id.* at 431 ("[B]ecause the government sought to obtain an increased sentence under 21 U.S.C. § 841(b)(1)(A), it properly included specific drug quantity and drug type allegations in the Superceding Indictment and attempted to prove those facts beyond a reasonable doubt. Had the jury found the special allegations true beyond a reasonable doubt, the jury's verdict would have authorized the court to sentence the defendants to an increased sentence under section 841(b)(1)(A).").

2. The district court correctly denied Martinez's Rule 29 motion. Viewing the evidence in the light most favorable to the prosecution, a rational juror could

have found beyond a reasonable doubt that Martinez agreed to distribute 500 grams or more of a substance containing methamphetamine. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Throughout the course of a series of wire-tapped phone calls between Tafolla and Martinez, the two used various slang terms to discuss quantities of methamphetamine. Expert testimony translated the slang into language from which one could reasonably infer an agreement to secure and distribute one pound of methamphetamine for $11,500.

3. The district court erred in applying the "safety valve" sentencing reduction to Martinez's sentence. Eligibility for the safety valve reduction requires a defendant to truthfully inform the prosecutor of all information and evidence he has concerning the offense or offenses. 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). "Although we review for clear error the district court's factual determination that a particular defendant is eligible for relief under the safety valve, we review de novo the district court's statutory interpretation of § 3553(f)(5)." *United States v. Mejia-Pimental*, 477 F.3d 1100, 1103 (9th Cir. 2007) (citations, emphasis, and internal quotation marks omitted).

It is undisputed that Martinez satisfies all requirements set forth in U.S.S.G. § 5C1.2(a) except the final requirement, which provides:

4

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2(a)(5); 18 U.S.C. § 3553(f)(5). A defendant bears the initial burden to prove by a preponderance of the evidence that he qualifies for the safety valve, and then the burden shifts to the government to show that the information the defendant supplied was untrue or incomplete. *United States v. Diaz-Cardenas*, 351 F.3d 404, 409 (9th Cir. 2003).

In determining whether Martinez met his burden of proving by a preponderance of the evidence that he was eligible for the safety valve, the district court stated, "It simply is just not enough to stand and say, 'I just don't know anything.'" However, the safety valve provision expressly provides that "the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied" with the fifth safety valve criterion. U.S.S.G. § 5C1.2(a)(5); 18 U.S.C. § 3553(f)(5). And "as long as a defendant's ultimate proffer is truthful and complete, he has satisfied the fifth safety valve

5

criterion." *Mejia-Pimental*, 477 F.3d at 1106. Thus, a defendant can satisfy this burden by simply saying he did not know anything, provided he is being truthful.

Because the district court erred in its application of the safety valve provision, we vacate Martinez's sentence and remand for resentencing. On remand, the district court is to make a factual finding as to whether Martinez "'truthfully provided to the Government all information and evidence [he] has concerning the offense or offenses.'" *Id.* at 1101 (quoting 18 U.S.C. § 3553(f)(5)) (alteration in original).

4. Under *Bruton v. United States*, 391 U.S. 123 (1968), the admission of a non-testifying codefendant's "powerfully incriminating extrajudicial statements" violates the Confrontation Clause. *Id.* at 135-36. However, we have held that "a codefendant's statement that does not incriminate the defendant unless linked with other evidence introduced at trial does not violate the defendant's Sixth Amendment rights." *United States v. Hoac*, 990 F.2d 1099, 1105 (9th Cir. 1993).

The district court properly recognized that the agent's testimony about Martinez's identification implicated his codefendants and precluded that testimony. It did not err by admitting a redacted version of Martinez's statement and then instructing the jury that Martinez's statements were admissible against only

6

Martinez. Because the redacted statement did not obviously implicate Tafolla or Pimentel, and because other, admissible evidence allowed the jury to draw an inference that Martinez coordinated a drug transaction involving Tafolla, there was no *Bruton* violation. *See Mason v. Yarborough*, 447 F.3d 693, 695-96 (9th Cir. 2006); *Cf. United States v. Peterson*, 140 F.3d 819, 821 (9th Cir. 1998).

5. Pimentel fails to show that his conviction should be set aside because the prosecutor referred to facts not admitted into evidence during closing arguments. Because Pimentel failed to object, we review for plain error, *United States v. de Cruz*, 82 F.3d 856, 861 (9th Cir. 1996), and will affirm unless it is "more probable than not that the misconduct materially affected the verdict." *Peterson*, 140 F.3d at 821 (citing *United States v. Hinton*, 31 F.3d 817, 824 (9th Cir. 1994)).

Although the prosecutor improperly referred to information in his closing argument that he had failed to introduce during the trial, the overwhelming evidence of Pimentel's guilt, including other evidence linking Pimentel to the drug purchase, and evidence of other controlled purchases of drugs, rendered this error harmless.

6.  The district court did not abuse its discretion in sentencing Tafolla to 360 months.  The district court correctly determined that the Guidelines range for Tafolla's crimes is 360 months to life.  In imposing the low-end, 360-month sentence, the district court considered the 18 U.S.C. § 3553(a) factors and noted that Tafolla was the leader of a large scale methamphetamine conspiracy spanning at least 32 months.  The district court also considered Tafolla's education level and family relationships, his history of substance abuse, his age, his likelihood of recidivism, and the need for deterrence.  Therefore, considering the totality of the circumstances, the sentence is substantively reasonable.  *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

**AFFIRMED in part; VACATED in part; and REMANDED.**