**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

VAN MCDUFFY, AKA Van
McDuffie,

*Defendant-Appellant.*

No. 16-10520

D.C. No.
3:13-cr-00108-
MMD-VPC-1

OPINION

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted February 15, 2018[*]
San Francisco, California

Filed May 15, 2018

Before: Carlos T. Bea and N. Randy Smith, Circuit Judges,
and David C. Nye,[**] District Judge.

Opinion by Judge N.R. Smith

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable David C. Nye, United States District Judge for the District of Idaho, sitting by designation.

## SUMMARY[***]

### Criminal Law

The panel affirmed a conviction by jury trial for bank robbery resulting in death, in violation of 18 U.S.C. § 2113(e).

Rejecting the argument that the sentence enhancement in § 2113(e) applies only when a bank robber knowingly kills a person in the course of a bank robbery, and agreeing with other circuits, the panel concluded that the only mens rea required is the mens rea necessary to commit the underlying bank robbery.

The panel addressed other issues in a concurrently-filed memorandum disposition.

### COUNSEL

Michael J. Kennedy, Law Offices of Michael Jerome Kennedy PLLC, Reno, Nevada, for Defendant-Appellant.

Adam Flake, Assistant United States Attorney; Elizabeth O. White, Appellate Chief; Steven W. Myhre, Acting United States Attorney; United States Attorney's Office, Las Vegas, Nevada; for Plaintiff-Appellee.

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

N.R. SMITH, Circuit Judge:

We agree with the Supreme Court: "Accidents happen. Sometimes they happen to individuals committing crimes with loaded guns." *Dean v. United States*, 556 U.S. 568, 570 (2009).

In 18 U.S.C § 2113(e), Congress mandated an enhanced punishment for an individual who kills a person in the course of committing a bank robbery. We conclude the enhancement applies even when the bank robber accidentally kills someone. The enhancement does not require a separate mens rea; the only mens rea required is the mens rea necessary to commit the underlying bank robbery.[1]

## I. Background

On October 16, 2013, Van McDuffy entered a Bank of America branch in Reno, Nevada, brandished a handgun, and demanded money from one of the bank tellers. The teller took the money from the till, put it in a plastic bag, and handed it to McDuffy. At that moment, Charles Sperry (a bank customer) attempted to grab the gun from McDuffy. However, "as he went to grab the gun, [McDuffy] shot him in the chest." Sperry subsequently died from his wound. After shooting Sperry, McDuffy did not end the robbery. Instead, he calmly approached another teller and forced her to hand over the money from her till. With the money in hand,

---

[1] In this opinion, we address only McDuffy's claim that § 2113(e) contains a separate mens rea requirement. We resolve the remaining claims in a memorandum disposition filed concurrently with this opinion.

McDuffy then fled the bank. An off-duty police officer who was in the bank during the robbery pursued McDuffy and apprehended him at a nearby bus stop.

The government charged McDuffy with violating several sections of 18 U.S.C § 2113, which criminalize various acts of theft perpetrated against banks. Section 2113(a) criminalizes generic bank robbery, *United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018); § 2113(d) provides an enhanced sentence if the bank robber assaults any person with a dangerous weapon; and § 2113(e) provides a further enhanced sentence "if death results" from the defendant's conduct during the bank robbery.

Section 2113(e) does not contain an explicit mens rea requirement. Nevertheless, McDuffy urged the district court to read a mens rea requirement into § 2113(e). He argued that the enhancement in § 2113(e) should apply only when a bank robber "knowingly" kills a person in the course of a bank robbery.[2] The district court rejected this argument and instructed the jury that, to find McDuffy guilty:

> the government must prove each of the following elements beyond a reasonable doubt:
>
> First, the defendant took money belonging to or in the care, custody, control, management, or possession of Bank of America, using force and violence, or intimidation in doing so, and intentionally made a display of force that

---

[2] McDuffy produced some evidence indicating he accidentally discharged the firearm.

reasonably caused another person to fear bodily harm by using a firearm;

Second, while doing so, the defendant killed Charles Barton Sperry; and

Third, the deposits of Bank of America were then insured by the Federal Deposit Insurance Corporation.

The jury found McDuffy guilty. Consequently, the district court sentenced McDuffy to life imprisonment, as provided in § 2113(e).

## II. Standard of Review

McDuffy appeals, claiming the district court misstated the law when it instructed the jury that § 2113(e) applies to accidental killings. "Whether a jury instruction misstates the law, an element of the crime, or the burden of proof is . . . subject to de novo review." *United States v. Doe*, 705 F.3d 1134, 1143 (9th Cir. 2013).

## III. Discussion

On de novo review, we find § 2113(e) does not contain a separate requirement that the defendant intend the killing which results from his bank robbery (hereafter, the "mens rea requirement"). Thus, the enhancement applies even if a bank robber accidentally kills someone in the course of a bank robbery. In relevant part, § 2113 directs that

(a) Whoever by force and violence, or by intimidation, takes, or attempts to take, from

the person or presence of another . . . any property or money or any other thing of value belonging to . . . any bank . . .

. . . .

[s]hall be fined under this title or imprisoned not more than twenty years, or both.

. . . .

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person . . . by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

(e) Whoever, in committing any offense defined in this section . . . if death results shall be punished by death or life imprisonment.

18 U.S.C. § 2113(a), (d), (e).[3]

In *Carter v. United States*, the Supreme Court determined the mens rea requirement in § 2113(a). 530 U.S. 255, 269 (2000). It concluded that, to establish a violation of § 2113(a),

---

[3] Section 2113(e) also provides an enhancement if the defendant "forces any person to accompany him without the consent of such person." When we refer to § 2113(e), we are referring to the enhancement that applies "if death results," because that is the portion of the statute at issue on appeal.

the government must prove the defendant acted with "general intent—i.e., proof of knowledge with respect to the *actus reus*" of generic bank robbery. *Id.* "Put differently, the prosecution must show that the defendant knew 'the facts that ma[de] his conduct fit the definition of the offense.'" *United States v. McNeal*, 818 F.3d 141, 155 (4th Cir. 2016) (quoting *Elonis v. United States*, 135 S. Ct. 2001, 2009 (2015)).

Although not necessarily determining that § 2113(d) contains a mens rea requirement, we have held that "use" of a deadly weapon in § 2113(d) requires more than mere possession. *United States v. Odom*, 329 F.3d 1032, 1035 (9th Cir. 2003). Thus, "[t]he common denominator to the decisions affirming convictions under § 2113(d) is that the robber *knowingly* made one or more victims at the scene of the robbery aware that he had a gun, real or not." *Id.* (emphasis added). McDuffy does not challenge this interpretation.[4]

With that background in mind, we now turn to interpreting § 2113(e). When interpreting a statute, "[w]e start, as always, with the language of the statute." *Williams v. Taylor*, 529 U.S. 420, 431 (2000). The language of § 2113(e) does not contain an explicit mens rea requirement. However, the Supreme Court has determined that, even when a statute does not specify a mens rea, "[s]ome indication of congressional intent, express or implied, is required to

---

[4] The jury found McDuffy guilty of violating § 2113(e). The district court treated bank robbery with a dangerous weapon under §§ 2113(a), (d) as a lesser included offense of bank robbery resulting in death under §§ 2113(a), (e). Thus, in accordance with the jury instructions, the jury never determined whether McDuffy qualified for the lesser enhancement in § 2113(d).

dispense with mens rea as an element of a crime." *Staples v. United States*, 511 U.S. 600, 606 (1994) (italics omitted). In the cases where congressional intent is lacking in the statute, courts must read a mens rea requirement into the statute, but "only that mens rea which is necessary to separate wrongful conduct from 'otherwise innocent conduct.'" *Carter v. United States*, 530 U.S. 255, 269 (2000) (italics omitted) (quoting *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 (1994)). We are tasked with applying this framework to the enhancement in § 2113(e).

The Supreme Court has already confronted this issue in the context of a similar sentencing enhancement. *Dean*, 556 U.S. at 570. In *Dean*, the Supreme Court was asked to determine the mens rea that applied to the sentencing enhancement in 18 U.S.C. § 924(c)(1)(A)(iii). *Id*. Section 924(c)(1)(A) provides that

> any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime–
>
> > (i) be sentenced to a term of imprisonment of not less than 5 years;
> >
> > (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

The Supreme Court looked to both the text and structure of the statute and concluded that Congress intended to omit a mens rea requirement in § 924(c)(1)(A)(iii). *Id.* at 572–73. First, the Court determined that, when a statute does not contain an explicit mens rea requirement, "Congress's use of the passive voice further indicates that [the enhancement] does not require proof of intent." *Id.* at 572. When Congress uses the passive voice, "[i]t is whether something happened—not how or why it happened—that matters." *Id.* Second, the Court pointed to other provisions in the statute where Congress specifically included a mens rea requirement. *Id.* at 572–73. "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Id.* at 573 (alteration in original) (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)). Thus, both the text and structure of the statute indicated Congress purposefully omitted a separate mens rea requirement. *Id.* at 572–73.

But the Court did not stop there. Instead, it determined that, even if Congress did not intend the omission, it was unnecessary to read a separate mens rea requirement into the sentencing enhancement. *Id.* at 574–77. The Court reasoned that "[i]t is unusual to impose criminal punishment for the consequences of purely accidental conduct. But it is not unusual to punish individuals for the unintended consequences of their unlawful acts." *Id.* at 575. "The felony-murder rule is a familiar example: If a defendant commits an

unintended homicide while committing another felony, the defendant can be convicted of murder." *Id.* Thus,

> [t]he fact that the actual discharge of a gun covered under § 924(c)(1)(A)(iii) may be accidental does not mean that the defendant is blameless. The sentencing enhancement in subsection (iii) accounts for the risk of harm resulting from the manner in which the crime is carried out, for which the defendant is responsible. An individual who brings a loaded weapon to commit a crime runs the risk that the gun will discharge accidentally. A gunshot in such circumstances—whether accidental or intended—increases the risk that others will be injured, that people will panic, or that violence (with its own danger to those nearby) will be used in response. Those criminals wishing to avoid the penalty for an inadvertent discharge can lock or unload the firearm, handle it with care during the underlying violent or drug trafficking crime, leave the gun at home, or—best yet—avoid committing the felony in the first place.

*Id.* at 576. As a result, the Supreme Court concluded there was no need to read a mens rea requirement into § 924(c)(1)(A)(iii), because "the defendant [was] already guilty of unlawful conduct" by committing the underlying "basic crime," i.e., the crime of violence or drug trafficking offense. *Id.* Thus, the sentencing enhancement applies "if a gun is discharged in the course of a violent or drug trafficking crime, whether on purpose or by accident." *Id.* at 577.

More recent Supreme Court cases, and our precedent, further support this reasoning. "The 'presumption in favor of a scienter requirement should apply to *each of the statutory elements that criminalize otherwise innocent conduct*.'" *Elonis*, 135 S. Ct. at 2011 (quoting *X-Citement Video*, 513 U.S. at 72) (emphasis added). "[F]acts that increase mandatory minimum sentences must be submitted to the jury," *Alleyne v. United States*, 570 U.S. 99, 116 (2013), however, such facts are not statutory elements nor do they criminalize otherwise innocent conduct. A fact that must be proved for a mandatory minimum sentence to apply (such as the quantity of drugs illegally distributed) is not an element of the "generic crime" but rather "the 'functional equivalent of an element' that [needs] to be submitted to a jury and proved beyond a reasonable doubt for the purposes of sentencing alone." *United States v. Vera*, 770 F.3d 1232, 1249 (9th Cir. 2014) (quoting *United States v. Toliver*, 351 F.3d 423, 430 (9th Cir. 2003)). Such predicate facts do not criminalize otherwise innocent conduct, because the underlying conviction does not depend on the presence or absence of the predicate fact. *See id.* (holding that "[t]he tainted drug quantity verdict does not affect the validity of the underlying conspiracy conviction because drug quantity was not an element of the charged conspiracy offense"). Thus, the presumption in favor of scienter is lessened, if not altogether absent, when considering sentencing enhancement provisions. *See Dean*, 556 U.S. at 574–77.

Given this precedent, we simply apply the Supreme Court's reasoning in *Dean* to this case. The text and structure of § 2113(e) indicate Congress intended to omit a mens rea requirement. Section 2113(e) makes no mention of a mens rea and even describes the killing in the passive voice ("if death results"). These facts suggest Congress intended to omit a

mens rea requirement. *Dean*, 556 U.S. at 572. Further, the structure of § 2113 indicates that the omission was purposeful. "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Id.* at 573 (alteration in original) (quoting *Russello*, 464 U.S. at 23). Congress specifically included mens rea requirements in certain subsections of § 2113. For example § 2113(b) requires "intent to steal or purloin" and § 2113(c) criminalizes possession of property stolen from a bank but only if the defendant knows the property is stolen. In contrast, Congress was silent in § 2113(e) regarding mens rea. Thus, we conclude that Congress intended to omit a separate mens rea requirement in § 2113(e).

Even assuming Congress's omission was not purposeful, we follow *Dean*; there is no need to read a mens rea requirement into § 2113(e). The enhancement applies only when the defendant is guilty of an underlying "basic crime" such as bank robbery. Committing the basic crime of bank robbery is already wrongful conduct. *See Dean*, 556 U.S. at 576. Thus, there is no need to add an additional mens rea requirement. *See Carter*, 530 U.S. at 269 (holding that courts must read a mens rea into a criminal statute only to the extent necessary to distinguish between wrongful and innocent conduct).

Moreover, § 2113(e) is the functional equivalent of the felony-murder rule but in the form of a sentencing enhancement. Felony-murder does not require a mens rea beyond the mens rea necessary to commit the underlying felony. *See Dean*, 556 U.S. at 575–76. Neither does the

sentencing enhancement equivalent of felony-murder in § 2113(e) require a separate mens rea.

This conclusion is in accord with our sister circuits. *See United States v. Vance*, 764 F.3d 667, 675 (7th Cir. 2014) (holding that § 2113(e) "duplicates the general federal felony-murder statute"); *United States v. Jackson*, 736 F.3d 953, 957–58 (10th Cir. 2013) ("[T]he scienter requirement comes from 'knowingly' committing the underlying bank robbery."); *United States v. Allen*, 247 F.3d 741, 782 (8th Cir. 2001) ("[A] conviction under § 2113(e) for armed robbery in which a killing occurs does not require an additional finding of specific intent to kill. Instead, the statute is like common law felony murder . . . ."), *judgment vacated on other grounds by United States v. Allen*, 536 U.S. 953 (2002); *United States v. Poindexter*, 44 F.3d 406, 408–09 (6th Cir. 1995) ("[T]he settled principles of construction direct us to conclude that the legislature did not intend to add an additional scienter requirement to the killing component of the crime."), *superseded by statute on other grounds as recognized in United States v. Parks*, 583 F.3d 923 (6th Cir. 2009).

Thus, the district court did not err in instructing the jury that § 2113(e) applies as long as the bank robber kills someone in the course of the bank robbery, regardless of whether the killing was accidental. The only mens rea required is the mens rea necessary to commit the underlying bank robbery.

**AFFIRMED.**