**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

MAR 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

ERIC COOPER, individually and on behalf of all similarly situated,

        Plaintiff-Appellant,

v.

APPLIED INTEGRATED TECHNOLOGIES, INC., a foreign corporation,

        Defendant-Appellee.

</td><td>

No.   19-35239

D.C. No. 3:18-cv-01561-HZ

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted March 4, 2020[**]
Portland, Oregon

Before: FERNANDEZ, GRABER, and PAEZ, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Eric Cooper appeals from the district court's order (a) denying his motion to remand the case to state court and (b) granting Applied Integrated Technologies, Inc.'s ("AIT") motion to dismiss. The district court determined that it had subject matter jurisdiction because § 301 of the Labor Management Relations Act[1] preempted Cooper's claim. *See McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1009 (9th Cir. 2018). We affirm.

When, as here, "a collective bargaining agreement otherwise provides for the payment of wages upon termination of employment," the Oregon statute upon which Cooper based his allegation of late payment does not apply. Or. Rev. Stat. § 652.140(5); *cf. Smoldt v. Henkels & McCoy, Inc.*, 53 P.3d 443, 446 (Or. 2002). The collective bargaining agreement[2] provides that vacation pay[3] is due "[a]t the time of termination of employment," while the statute provides that "all wages" are due "not later than the end of the first business day after . . . termination." Or. Rev. Stat. § 652.140(1); *see Cramblit v. Diamond B Constructors*, 105 P.3d 906, 911

---

[1]Labor Management Relations Act, 1947, 29 U.S.C. §§ 141–144, 167, 171–175, 175a, 176–183, 185–187.

[2]Agreement Between Applied Integrated Technologies, Inc. And Paragon Systems, Inc. And The United Government Security Officers of America, International Union And Its Local 371 (August 1, 2017 – July 31, 2018) ("CBA").

[3]CBA § 10.4. Oregon defines "'wages'" to include "vacation pay." *State ex rel. Nilsen v. Or. State Motor Ass'n*, 432 P.2d 512, 514 (Or. 1967).

(Or. Ct. App. 2005). By its language, the statutory exception is not limited to CBAs that alter the payment of "all wages," as opposed to some wages. *Cf. United States v. McDuffy*, 890 F.3d 796, 802 (9th Cir. 2018), *cert. denied*, __ U.S. __, 139 S. Ct. 845, 202 L. Ed. 2d 612 (2019); *Tang v. Reno*, 77 F.3d 1194, 1197 (9th Cir. 1996); *Emerald People's Util. Dist. v. Pac. Power & Light Co.*, 729 P.2d 552, 559–60 (Or. 1986). Thus, the Oregon statute (section 652.140) does not apply to the wages in question here, and the district court had jurisdiction because § 301 preempts Cooper's claim. *See Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1153–54 (9th Cir. 2019); *see also Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220, 105 S. Ct. 1904, 1916, 85 L. Ed. 2d 206 (1985).

At most, Cooper's "dispute . . . concern[s] the application, meaning or interpretation of" the CBA's provisions about payment of wages upon termination, or, in other words, "[g]rievances involving the discharge . . . of an employee." CBA § 13.1. The CBA's grievance and arbitration procedures would therefore apply to his claim. *See Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1035 (9th Cir. 2016). Because he cannot prove that he exhausted his contractual remedies and does not allege that the union breached its duty of fair representation, Cooper cannot state a claim for any alleged violation of the CBA by AIT. *See id.* at 1036–37. Dismissal with prejudice was proper.

**AFFIRMED**.