# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1194
_____

United States of America

*Plaintiff - Appellee*

v.

Darreon Earl Wright

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: December 16, 2022
Filed: May 1, 2023
[Unpublished]
_____

Before SMITH, Chief Judge, GRUENDER and STRAS, Circuit Judges.
_____

PER CURIAM.

Darreon Wright argues that two jury instructions were incorrect. But one of them was an accurate statement of the law, and he did not object to the other until after he filed his opening brief on appeal. We affirm.

Wright and an accomplice decided to rip off a drug dealer, who arrived with an empty duffel bag and $6,900 in cash. Intending to steal the cash, Wright pulled out a gun. The dealer lunged for it, but Wright was able to get off three shots. The dealer then dropped the duffel bag and ran. Wright and his accomplice took it, but they never recovered the cash, which the dealer had hidden inside his coat.

Wright faced three charges: conspiracy to commit Hobbs Act robbery, *see* 18 U.S.C. § 1951; Hobbs Act robbery and attempted robbery, *see id.*; and discharging a firearm in furtherance of a crime of violence, *see* 18 U.S.C. § 924(c)(1)(A)(iii). The jury instructions became a central focus at trial. Wright objected to one that explained that "commerce . . . was affected" under the Hobbs Act, *see* 18 U.S.C. § 1951(a), "if the [g]overnment prove[d] . . . that [the] robbery targeted a marijuana dealer's drugs or drug proceeds," *see Taylor v. United States (Taylor I)*, 579 U.S. 301, 308 (2016). But not to the instruction that Hobbs Act robbery, whether actual or attempted, qualified as a "crime of violence." 18 U.S.C. § 924(c)(1)(A). The jury found Wright guilty of all three counts, and the district court[1] sentenced him to a total of 183 months in prison.

Months after sentencing, the Supreme Court decided that *attempted* Hobbs Act robbery does not qualify as a "crime of violence." *United States v. Taylor (Taylor II)*, 142 S. Ct. 2015, 2020 (2022). There is no question that *Taylor II* contradicts the instruction that *both* actual and attempted Hobbs Act robbery qualify as such a crime. The government admits as much. The question is whether, without the erroneous instruction, the jury still would have found him guilty of shooting the dealer to further a "crime of violence." 18 U.S.C. § 924(c)(1)(A).

Wright raised the instructional error for the first time in a supplemental brief, which is arguably too late. But given that the government urges us to review the issue for plain error anyway, we assume we can do so. *See Calzone v. Summers*,

---

[1]The Honorable Stephanie M. Rose, then United States District Judge for the Southern District of Iowa, now Chief Judge.

942 F.3d 415, 422 (8th Cir. 2019) (en banc) (suggesting that a waiver argument can itself be waived).

Wright's argument still cannot succeed. He has to "'show a reasonable probability that, but for the error,' the outcome of the proceedings would have been different." *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004)). His theory is that coming away with just the duffel bag might have caused the jury to conclude that the robbery failed.

The problem is that Wright's guilt depended on whether he unlawfully took or obtained "*personal property . . .* by means of actual or threatened force, or violence, or fear of injury." 18 U.S.C. § 1951(b)(1) (emphasis added). Wright completed the robbery once he and his accomplice took the duffel bag, a piece of personal property, even though the dealer got away with the cash.[2] He has not, in other words, shown a reasonable probability that the jury would have come out differently if it had received the instruction he now wants. *See Molina-Martinez*, 578 U.S. at 194; *see also United States v. Robinson*, 982 F.3d 1181, 1187 (8th Cir. 2020) (concluding that there was no reversible error when "the jury's verdict would have remained the same" even if it "had been properly instructed").

Nor was there a problem with the instruction on the interstate-commerce element. It said that "if the [g]overnment prove[d] beyond a reasonable doubt that [the] robbery targeted a marijuana dealer's drugs or drug proceeds," the jurisdictional element of the offense was satisfied. We review this instruction for an abuse of discretion and consider "whether the instructions, taken as a whole and

---

[2]We assume that Wright's theft of the duffel bag "affect[ed] commerce," 18 U.S.C. § 1951(a); *see United States v. Williams*, 308 F.3d 833, 838 (8th Cir. 2002) (observing that "the statute's plain language requires an actual effect on interstate commerce, not just a probable or potential impact"), because he has never suggested otherwise, *see Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004) (holding that issues not meaningfully argued are waived).

viewed in light of the evidence and applicable law, fairly and adequately submitted the issues in the case to the jury." *United States v. Maxwell*, 61 F.4th 549, 557 (8th Cir. 2023) (citation omitted).

We conclude they did. The instruction mirrored how the Supreme Court has described the test: "if the [g]overnment proves beyond a reasonable doubt that a robber targeted a marijuana dealer's drugs or illegal proceeds, the [g]overnment has proved beyond a reasonable doubt that commerce . . . was affected." *Taylor I*, 579 U.S. at 308. *Taylor I* made a "purely legal determination" about what the Hobbs Act covers, so instructing the jury along those lines "did not strip [it] of the ability to resolve the factual disputes underlying the charges." *United States v. Woodberry*, 987 F.3d 1231, 1235 (9th Cir. 2021). Suffice it to say, instructions that closely track on-point Supreme Court precedent fairly and accurately describe the law. *See United States v. Pierce*, 479 F.3d 546, 549–551 (8th Cir. 2007) (approving an instruction that stated the jury "should find the defendant guilty" of crimes committed by co-conspirators in furtherance of the conspiracy because "mandatory . . . *Pinkerton* instructions are fair statements of the law").

We accordingly affirm the judgment of the district court.

_____